UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE M. HUBBARD,<br><br>  Plaintiff,<br><br> v.<br><br>GLORIA RAMOS,<br><br>  Defendant. | Case No. 19-cv-07508-JST<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS** |

  Plaintiff, an inmate at California State Prison – Soledad, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 2. The Court orders plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why plaintiff's request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

  This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged that he is under imminent danger of serious physical injury. The complaint alleges that plaintiff is being involuntarily medicated on defendant Ramos' orders which causes plaintiff to suffer side effects, and plaintiff does not wish to be medicated. *See* ECF No. 1 at 3-6.

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gave this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

The Court finds that, prior to this date, plaintiff has had at least four cases dismissed that count as "strikes." The Court takes judicial notice of: 1) *Hubbard v. Mendes*, E.D. Cal., Case No. 1:13-cv-01078, ECF Nos. 11 & 13 (dismissed for failure to state a claim; allegations failed to state an Eighth Amendment claim for deliberate indifference to safety or state an equal protection claim); 2) *Hubbard v. Corcoran State Prison*, E.D. Cal., Case No. 1:13-cv-01736, ECF Nos. 15 & 17 (dismissed for failure to state a claim; allegations failed to state claims under the Eighth Amendment, Due Process Clause, Equal Protection Clause, or First Amendment, and failed to state claim for private right of action under cited state regulations); 3) *Hubbard v. Marchak*, E.D. Cal., Case No. 1:14-cv-00274, ECF Nos. 10 & 12 (dismissed for failure to state a claim; factual allegations insufficient to state a claim for excessive force, forced mental health treatment, discrimination, due process violation, and illegal surveillance and interrogation.); and 4) *Hubbard v. Youngblood*, N.D. Cal. Case No. 19-cv-05812 JST (PR) (dismissed for failure to state a claim; action barred by judicial immunity, allegations insufficient to state First Amendment or Eighth Amendment claim, no private right of action under cited state regulations and federal statute, and no respondeat superior liability).[1] These actions were dismissed on the grounds that they failed to

---

[1] On November 18, 2019, in Case No. 1:19-cv-01346-LJO-EPG, *Hubbard v. Youngblood* (E.D. Cal.), Chief District Judge O'Neill adopted the magistrate judge's findings and recommendations that plaintiff be denied leave to proceed *in forma pauperis* because plaintiff has at least three 28 U.S.C. § 1915(g) "strikes" and does not qualify for the imminent danger exception. *See* C No. 1:19-cv-01346-LJO-EPG, *Hubbard v. Youngblood*, Order Adopting Findings and

2

state a claim upon which relief may be granted, and therefore qualify as "strikes" under Section 1915.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: November 20, 2019

_____
JON S. TIGAR
United States District Judge

---

Recommendations (ECF No. 6), Order Denying Plaintiff's s Application to Proceed *In Forma Pauperis* Be Denied (ECF No. 2), Order Requiring Plaintiff Pay $400.00 Filing Fee in Full Within Thirty Days (Nov. 18, 2019) [ECF No. 7].